Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston TX 77007-1722
Telephone:  (713) 751-0400
Facsimile:  (713) 751-0906

Foster C. Johnson
fjohnson@azalaw.com (SBN 289055)
Joseph Ahmad (*pro hac vice forthcoming*)
jahmad@azalaw.com
Nathan Campbell (*pro hac vice forthcoming*)
ncampbell@azalaw.com
AHMAD, ZAVITSANOS, & MENSING, PLLC
1221 McKinney Street, Suite 3460
Houston TX 77010
Tel: (713) 655-1101
Fax: (713) 655-0062

*Attorneys for Plaintiff*

[*Additional Counsel included on signature page.*]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE, individually and on behalf of others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>THE COUNTY OF SANTA CLARA d/b/a SANTA CLARA VALLEY MEDICAL CENTER<br><br>*Defendant*. | Case No. 5:23-cv-04411-NC<br><br>**PLAINTIFF'S ADMINSTRATIVE MOTION TO PROCEED UNDER A PSEUDONYM** |

Plaintiff hereby moves this Court for an order allowing her to proceed with and prosecute this action using the pseudonym Jane Doe. Plaintiff brings this action to protect her privacy rights in her personal health information. If Plaintiff were required to publicly reveal her

identity, she would thus suffer exactly the harm from which she seeks relief—the improper disclosure of her personal health information. In addition, no prejudice to Defendant would result from her anonymity, as Plaintiff will share her identity with Defendant under an appropriate protective order. Plaintiff therefore respectfully requests that the Court allow her to proceed under the pseudonym "Jane Doe."

## I. Factual Background

Plaintiff is a patient of Santa Clara Valley Medical Center ("Santa Clara"). (ECF No. 1 ¶ 19.) She alleges Santa Clara installed tracking pixels on its website that transmit patients' identities and personal health information to Facebook, Google, and other third parties without consent. (*Id.* ¶ 40.) This personal health information is highly sensitive and includes private information that patients communicated to Santa Clara's website, such as the types of medical appointments they made, the dates of their appointments, and the specific doctors who treated them. (*Id.* ¶ 149.) Facebook and other third parties use this information to target Santa Clara patients with advertisements. (*Id.* ¶ 200.) Specifically, Plaintiff saw numerous advertisements in her Facebook feed for products and services related to the conditions for which she sought treatment at Santa Clara, including post-traumatic stress disorder, panic attacks, endometriosis, undiagnosed seizure, and a personality disorder. (*Id.* ¶¶ 19–23.) She was also targeted with advertisements soliciting her to participate in research questionnaires, research studies, and clinical trials related to these conditions. (*Id.* ¶ 27.) Plaintiff alleges that Santa Clara's conduct violates its patients' and prospective patients' statutory and common-law privacy rights. (*Id.* ¶¶ 336–428.) She brings this action under a pseudonym to prevent further violations of her privacy.

## II. Standard of Review

The Ninth Circuit has held that parties are permitted to use pseudonyms when "nondisclosure of the party's identity 'is necessary … to protect a person from harassment, injury, ridicule or personal embarrassment." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–68 (9th Cir. 2000); *see also Roes 1–2 v. SFBSC Mgmt, LLC*, 77 F. Supp. 3d 990 (N.D. Cal. 2015). Courts employ a balancing test in determining whether plaintiffs should be allowed to use

pseudonyms. *Doe v. Penzato*, No. 10-cv-5154, 2011 WL 1833007, at *2 (N.D. Cal. May 13, 2011) ("[A] party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.")

### III.   ARGUMENT AND AUTHORITIES

The Court should grant Plaintiff leave to proceed under a pseudonym because her privacy interests strongly outweigh the presumption of open judicial proceedings. First, disclosure of Plaintiff's identity would impinge on her strong interest in medical privacy. Second, the public's interest in open courts will not be compromised if Plaintiff proceeds under a pseudonym, as her identity and individual circumstances are not central to understanding this litigation. Third, Defendant will not be prejudiced because Plaintiff will privately disclose her name to defense counsel, subject to an appropriate protective order.

**A.   Anonymity is appropriate to protect Plaintiff's privacy.**

This case implicates Plaintiff's strong interest in medical privacy. *See In re Meta Pixel Healthcare Litig.*, ___ F. Supp. 3d ___, 2022 WL 17869218, at *1 (N.D. Cal. Dec. 22, 2022) ("Our nation recognizes the importance of privacy in general and health information in particular: the safekeeping of this sensitive information is enshrined under state and federal law.") Indeed, the very core of Plaintiff's claims is that Santa Clara is unlawfully disclosing information regarding her identity and medical treatment to third parties. In *In re Meta Pixel Healthcare Litigation*, the court considered similar allegations arising from the same disclosures at issue in this case. After reviewing an extensive factual record in connection with a motion for a preliminary injunction, the court called the plaintiff's allegations "troubling" and said that "plaintiffs raise potential strong claims on the merits and their alleged injury would be irreparable if proven." *Id.* at *5. The court further remarked that users "would be shocked to realize that if what the plaintiffs are saying is true," their medical information is being transmitted to Facebook. Preliminary Injunction Hr'g Tr. at 20:15–16, *In re Meta Pixel Healthcare Litig.*, N.D. Cal., No. 22-cv-03580, ECF No. 141 (Nov. 23, 2022).

If plaintiff were required to publicly disclose her name in connection with this lawsuit, she would therefore be re-subjected to the very harm for which she seeks redress. *See Doe v. Tenenbaum*, 127 F. Supp. 3d 426, 469 (D. Md. 2010 (granting leave where "the revelation of Plaintiff's identity would yield the very injury that is the cynosure of the underlying litigation"); *S.E.S. v. Galena Unified Sch. Dist. No. 499*, No. 18-2042, 2018 WL 3389878, at *2 (D. Kan. July 12, 2018) (applying similar reasoning in case involving "confidential medical information"). Plaintiff's information has already been disclosed to Facebook, Google, and other third parties without her permission; she should not be required to disclose her sensitive medical history even further.

**B. Allowing Plaintiff to proceed under a pseudonym will not harm the public interest.**

On the other side of the ledger, the public interest will not be hindered if Plaintiff proceeds under a pseudonym. The public need not know Plaintiff's name to understand the issues of public importance in this case, which will largely turn on Santa Clara's common practices and procedures. *See Roe v. United States*, No. 19-cv-0270, 2020 WL 869153, at *3 (E.D. Cal. Feb. 20, 2020) ("There is nothing about the plaintiffs' identities that makes it critical to the working of justice to reveal those identities. Anonymity, in other words, does not in this case threaten the principle of open courts.") Indeed, Plaintiff's motion affirmatively *serves* the public interest by ensuring that victims of this type of data privacy violation are not chilled from seeking redress. *Doe v. Brooks-Lasure*, No. 22-cv-04501, 202 U.S. Dist. LEXIS 147541, at *3 (granting leave and emphasizing that "the public has an interest in ensuring that persons with mental disabilities are not chilled from bringing lawsuits for concerns of privacy"); *see* Jayne S. Ressler, *Privacy, Plaintiffs, and Pseudonyms: The Anonymous Doe Plaintiff in the Information Age*, 53 U. Kan L. Rev. 195, 199 (2004). Second, allowing Plaintiff to proceed under a pseudonym will reduce the need to seal material filed on the docket, which will increase the provision of relevant and useful information about Defendant's privacy practices to the public. Proceeding anonymously thus actually enhances the public's view of the legal and factual issues.

### C. Anonymity will not prejudice Defendant.

Plaintiff's request is made to protect her identity and sensitive medical history from public disclosure, not from disclosure to Defendant. Once Defendant has appeared, Plaintiff will agree to enter into a protective order and to disclose her identity to Defendant subject to the confidentiality provisions of such protective order. "This reduces, if not eliminates, any prejudice to Defendant since they will know Plaintiff[']s name[] and any necessary information to respond to Plaintiff[']s claims." *E.A.R.R. v. Dep't of Homeland Security*, No. 20-cv-2146, 2021 WL 5177775, at *1 (S.D. Cal. Jan. 7, 2021); *see Penzato*, 2011 WL 1833007, at *5 (granting plaintiff's motion to proceed under a pseudonym where plaintiff "offered to stipulate to a protective order to provide Defendants an opportunity to conduct meaningful discovery").

## I. CONCLUSION

For the reasons stated above, the Court should grant Plaintiff's motion to proceed under a pseudonym.

Respectfully submitted,

Dated: August 30, 2023

By: /s/ Michael A. Caddell
Michael A. Caddell (State Bar No. 249469)
mac@caddellchapman.com
Cynthia B. Chapman (State Bar No. 164471)
cbc@caddellchapman.com
Amy E. Tabor (State Bar No. 297660)
aet@caddellchapman.com
CADDELL & CHAPMAN
628 East 9th Street
Houston TX 77007-1722
Telephone: (713) 751-0400
Facsimile: (713) 751-0906

Foster C. Johnson (SBN 289055)
Joseph Ahmad*
Nathan Campbell*
AHMAD, ZAVITSANOS, & MENSING, PLLC
1221 McKinney Street, Suite 2500
Houston TX 77010
(713) 655-1101
fjohnson@azalaw.com
jahmad@azalaw.com
ncampbell@azalaw.com

1
2   Samuel J. Strauss*
3   Raina C. Borrelli*
    TURKE & STRAUSS
4   613 Williamson St., Suite 201
    Madison, Wisconsin 53703
5   Telephone: (608) 237-1775
    Facsimile: (608) 509-4423
6   sam@turkestrauss.com
    raina@turkestrauss.com
7
    * Motions for Admission to be filed
8
    *Attorneys for Plaintiff*
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28