1  TONY LOPRESTI, County Counsel (S.B. #289269)
   XAVIER M. BRANDWAJN, Deputy County Counsel (S.B. #246218)
2  JOSÉ L. MARTIN, Deputy County Counsel (S.B. #203709)
   OFFICE OF THE COUNTY COUNSEL
3  70 West Hedding Street, East Wing, Ninth Floor
   San José, California 95110-1770
4  Telephone: (408) 299-5900
   Facsimile: (408) 292-7240
5  Email: xavier.brandwajn@cco.sccgov.org
   Email: jose.martin@cco.sccgov.org
6

7  Attorneys for Defendant
   COUNTY OF SANTA CLARA
8

9                     UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF CALIFORNIA
10                       (San Francisco Division)

11

12 | JANE DOE, individually and on behalf of others similarly situated, | No. 23CV04411WHO |
13 | Plaintiffs, | **DEFENDANT COUNTY OF SANTA CLARA'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT** |
14 | v. | |
15 | COUNTY OF SANTA CLARA, | Date: October 30, 2024 |
16 | Defendant. | Time: 2:00 p.m. |
17 | | Crtrm: 2, 17th Floor |
   | | Judge: The Honorable William H. Orrick |

# TABLE OF CONTENTS

Page

I. INTRODUCTION ................................................................................................. 1

II. ARGUMENT ........................................................................................................ 1

    A. The Court Should Decline to Exercise Subject Matter Jurisdiction under CAFA ......................................................................................................... 1

        1. The home state and/or local controversy exceptions apply here ............... 1

            a. The two-thirds California citizenship requirement is met ............. 2

        2. The County has not waived its ability to challenge CAFA jurisdiction ..... 4

    B. Plaintiff Does Not State a Federal Law Claim Against the County ....................... 7

        1. Plaintiff's section 2511(1) claim is not viable ......................................... 8

        2. Plaintiff has not stated a 2511(3) claim ...................................................... 8

        3. Plaintiff has not stated a claim under any other part of Title III ...............10

    C. Plaintiff Has Not Stated a Viable California Government Code § 815.6 Claim ...11

        1. Alleged HIPAA violations cannot support a private section 815.6 claim ..........................................................................................................11

        2. Duplicative theories cannot support Plaintiff's 815.6 claim .....................13

    D. The Court Should Deny Further Leave to Amend ..............................................15

III. CONCLUSION ....................................................................................................15

# **TABLE OF AUTHORITIES**

Page

**CASES**

*Adams v. City of Battle Creek*,
  250 F.3d 980 (6th Cir. 2001) .................................................................................................. 8

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006) ............................................................................................................... 7

*Barbera v. WMC Mortg. Corp.*,
  No. C-04-3738-SBA, 2006 U.S. Dist. LEXIS 99483 (N.D. Cal. Jan. 19, 2006) ..................... 9

*Bearden v. Alameda Cnty.*,
  No. 19-cv-04264-SI, 2020 U.S. Dist. LEXIS 56271 (N.D. Cal. Mar. 30, 2020) ..................... 9

*Bearden v. PNS Stores, Inc.*,
  894 F. Supp. 1418 (D. Nev. 1995) ..................................................................................... 4, 5

*Brenner v. City of El Cajon*,
  113 Cal. App. 4th 434 (2003) ................................................................................................ 9

*Brodsky v. Apple Inc.*,
  445 F. Supp. 3d 110 (N.D. Cal. 2020) ................................................................................. 15

*Bryant v. City of Antioch*,
  No. 21-cv-00590-TSH, 2021 U.S. Dist. LEXIS 152163 (N.D. Cal. Aug. 12, 2021) .............. 9

*Calingo v. Meridian Res. Co. LLC*,
  No. 7:11-cv-628 (VB), 2011 U.S. Dist. LEXIS 83496 (S.D.N.Y. July 29, 2011) .................. 4

*Carvalho v. Equifax Info. Servs., LLC*,
  629 F.3d 876 (9th Cir. 2010) ............................................................................................... 15

*City of San Jose v. Superior Court*,
  12 Cal. 3d 447 (1974) ............................................................................................................ 4

*Stevenson v. San Francisco Hous. Auth.*,
  24 Cal. App. 4th 269 (1994) .................................................................................................. 4

*Cook v. Cnty. of Contra Costa*,
  No. 15-cv-05099-TEH, 2015 U.S. Dist. LEXIS 169625 (N.D. Cal. Dec. 7, 2015) ............ 8, 9

*County of San Bernardino v. Superior Court*,
  77 Cal. App. 5th 1100 (2022) .............................................................................................. 14

*Delux Pub. Charter, LLC v. Cnty. of Orange*,
  No. SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 153219 (C.D. Cal. Jul. 29, 2022)……13

*Delux Pub. Charter, LLC v. Cnty. of Orange*,
  No. SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 235563 (C.D. Cal. Oct. 31, 2022) ...... 12

*Dep't of Corps. v. Superior Court*,
  153 Cal. App. 4th 916 (2007) .............................................................................................. 12

*Duran v. Sephora USA, Inc.*,
  No. 17-cv-01261-WHO, 2017 U.S. Dist. LEXIS 128189 (N.D. Cal. Aug. 11, 2017) .................... 5

*Ehrman v. Cox Commc'ns, Inc.*,
  932 F.3d 1223 (9th Cir. 2019) .................................................................................................... 3

*Eminence Capital, LLC v. Aspeon, Inc.*,
  316 F.3d 1048 (9th Cir. 2009) .................................................................................................. 15

*Federated Univ. Police Officers' Ass'n v. Regents of the Univ. of Cal.*,
  No. SACV 15-00137-JLS (RNBx), 2015 U.S. Dist. LEXIS 99147 (C.D. Cal. July 29, 2015) ........ 8

*Garza v. Brinderson Contractors, Inc.*,
  178 F. Supp. 3d 906 (N.D. Cal. 2016) ................................................................................... 5, 6

*Haggis v. City of Los Angeles*,
  22 Cal. 4th 490 (2000) ...................................................................................................... 12, 13

*Head v. Cnty. of Sacramento*,
  No. 2:19-cv-01663-TLN-CKD, 2020 U.S. Dist. LEXIS 110029 (E.D. Cal. June 23, 2020) ........... 8

*In re Gilead Scis. Sec. Litig.*,
  536 F. 3d 1049 (9th Cir. 2008) ................................................................................................... 3

*In re Groundwater Cases*,
  154 Cal. App. 4th 659 (2007) ............................................................................................. 9, 14

*Khoja v. Orexigen Therapeutics, Inc.*,
  899 F.3d 988 (9th Cir. 2018) ..................................................................................................... 3

*King v. Great Am. Chicken Corp., Inc.*,
  903 F.3d 875 (9th Cir. 2018) ..................................................................................................... 2

*Lazy Y Ranch Ltd. v. Behrens*,
  546 F.3d 580 (9th Cir. 2008) ..................................................................................................... 3

*Lopez v. S. Cal. Rapid Transit Dist.*,
  40 Cal. 3d 780 (1985) ................................................................................................................ 9

*Martin v. Trott L., P.C.*,
  265 F. Supp. 3d 731 (E.D. Mich. 2017) ..................................................................................... 4

*Marziano v. Cnty. of Marin*,
  No. C-10-2740 EMC, 2010 U.S. Dist. LEXIS 109595 (N.D. Cal. Oct. 4, 2010) .................. 2, 11

*Meadows v. Bicrodyne Corp.*,
  785 F.2d 670 (9th Cir. 1986) ..................................................................................................... 4

*Mollica v. Cnty. of Sacramento*,
  No. 2:19-cv-02017-KJM-DB, 2021 U.S. Dist. LEXIS 127677 (E.D. Cal. July 7, 2021) ............. 14

*Mondragon v. Cap. One Auto. Fin.*,
  736 F.3d 880 (9th Cir. 2013) ..................................................................................................... 2

*O'Donnell v. Blue Cross Blue Shield of Wyo.*,
  173 F. Supp. 2d 1176 (D. Wyo. 2001) ..................................................................................... 13

*Poli v. Mt. Valley's Health Ctrs., Inc.*,
   No. 2:05-cv-2015-GEB-KJM, 2006 U.S. Dist. LEXIS 2559 (E.D. Cal. Jan. 11, 2006) ............... 13

*Rodriguez v. Instagram, LLC*,
   No. C 12-06482 WHA, 2013 U.S. Dist. LEXIS 98627 (N.D. Cal. July 5, 2013) ...................... 2, 7

*Rotenberg v. Brain Research Labs LLC*,
   No. C-09-2914 SC, 2009 U.S. Dist. LEXIS 91335, **8-9 (N.D. Cal. Sep. 15, 2009) ................... 2

*Seitz v. City of Elgin*,
   719 F.3d 654 (7th Cir. 2013) ............................................................................................... 8

*Shakur v. Schriro*,
   514 F.3d 878 (9th Cir. 2008) ........................................................................................ 2, 11

*Sorrels v. McKee*,
   290 F.3d 965 (9th Cir. 2002) .............................................................................................. 13

*Spokeo, Inc. v. Robins*,
   578 U.S. 330 (2016) ............................................................................................................ 10

*Steinle v. City & Cnty. of San Francisco*,
   230 F. Supp. 3d 994 (N.D. Cal. 2017) ................................................................................ 9

*Strifling v. Twitter Inc.*,
   No. 22-cv-07739-JST, 2024 U.S. Dist. LEXIS 2181 (N.D. Cal. Jan. 4, 2024) ............................. 10

*UFCW Local 1500 Pension Fund v. Mayer*,
   895 F.3d 695 (9th Cir. 2018) ............................................................................................ 12

*Univ. of Colo. Hosp. Auth. v. Denver Publ. Co.*,
   340 F. Supp. 2d 1142 (D. Colo. 2004) ............................................................................ 13

**CALIFORNIA GOVERNMENT CODE**

Section 815.6 .................................................................................................................. passim

**CALIFORNIA CIVIL CODE**

Section 56.36 ......................................................................................................................... 14

**FEDERAL STATUTES**

18 U.S.C. § 1983 ..................................................................................................................... 12
18 U.S.C. § 2511(1) ................................................................................................................... 7
18 U.S.C. § 2511(3) .......................................................................................................... 7, 8, 9
28 U.S.C. § 1332(d)(4) ............................................................................................................. 7
28 U.S.C. § 1447(c) .................................................................................................................. 5
42 U.S.C. §§300gg-22(a)-(b) .................................................................................................. 13

# I. INTRODUCTION

Plaintiff's continued failure to adhere to the standards applicable to claims against public entities and to own up to her allegations justifies the dismissal of this action.

Plaintiff's pre-suit and civil allegations make clear that the putative plaintiff class includes only California citizens suing over conduct only in California and, thus, raises California *intra*-state issues, rather than *inter*-state issues. Plaintiff may not now run from her allegations to preclude application of the home-state exception to Class Action Fairness Act (CAFA) jurisdiction. She also resorts to accusing the County of waiver and "gamesmanship" in bringing this challenge now. But her assertions are baseless and premised on a misleading account of this case's procedural history.

Further, pertinent authorities hold that the County—a public entity—cannot be liable under Plaintiff's newly pled Federal Wiretap Act (FWA) theories. So, she instead asserts—falsely—that her Fourth Amended Complaint ("4AC") alleges violations of different provisions of the FWA. But those provisions and their supporting facts are not pled, much less with the required particularity. Plaintiff's newly manufactured theories not only exceed the Court's leave to amend, but they also fail because they restate her other claims and/or are based on alleged violations of the Health Insurance Portability and Accountability Act (HIPAA), for which no private right of action exists.

Because the Court has ample grounds to decline to exercise jurisdiction, it need not reach the other grounds of the Motion. If reached, however, those grounds should be granted. As with the last motion, Plaintiff has discarded two of her five counts—and her punitive damages claim—after again forcing the County to brief their inadequacy. And her Government Code section 815.6 claim improperly hinges on abandoned claims, HIPAA violations, and duplicative allegations.

Plaintiff's theories remain an ever-shifting target, even in this, their *fifth* iteration. Therefore, the Court should, in its sound discretion, deny further leave to amend and dismiss this case.

# II. ARGUMENT

## A. The Court Should Decline to Exercise Subject Matter Jurisdiction under CAFA

### 1. The home state and/or local controversy exceptions apply here

Plaintiff does not refute the County's showing, in its facial challenge, that the elements necessary to apply the home state and/or local controversy exceptions are met. ECF 69 at 4-9.

1

     a. <u>The two-thirds California citizenship requirement is met</u>

Plaintiff disputes only the two-thirds California citizenship requirement for the home-state exception to CAFA jurisdiction; she concedes the others through silence. *Compare* ECF 69 at 5-9 with ECF 75 at 5-7; *see also Shakur v. Schriro*, 514 F.3d 878, 892 (9th Cir. 2008); *Marziano v. Cnty. of Marin*, No. C-10-2740 EMC, 2010 U.S. Dist. LEXIS 109595, *10 (N.D. Cal. Oct. 4, 2010). In any event, Plaintiff's arguments on the two-thirds element find no support in the applicable case law.

First, citing *Mondragon v. Cap. One Auto. Fin.*, 736 F.3d 880, 884 (9th Cir. 2013), Plaintiff faults the County for relying on her own allegations rather than evidence. ECF 75 at 5. But that same case held that "[a] pure inference regarding the citizenship of prospective class members may be sufficient if the class is defined as limited to citizens of the state in question."[1] *Mondragon*, 736 F.3d at 881-882. This District concluded the same in *Rodriguez v. Instagram, LLC*, No. C 12-06482 WHA, 2013 U.S. Dist. LEXIS 98627, *5 (N.D. Cal. July 5, 2013), which Plaintiff ignores.

Second, Plaintiff runs from her own descriptions of the putative class. The very first sentence of the 4AC identifies her as a California citizen suing on behalf of herself and "all other current California citizens similarly situated." ECF 68 at 1:1-6; *see also id.* at ¶¶ 7, 40, and 367(d). She repeatedly frames her claims as a vindication of the rights of only "citizens of California." *Id.* at ¶ 3; *see also* ECF 1 at ¶ 3. Tellingly, Plaintiff does not say one word about these allegations or her contention that all supposed violations occurred "within the state of California." ECF 68 at ¶ 93.

Plaintiff's reliance on her generic and proposed class definition is thus insufficient because that definition is necessarily limited by the totality of her allegations. *Id.* at ¶ 335; ECF 75 at 5. In *Rotenberg v. Brain Research Labs LLC*, No. C-09-2914 SC, 2009 U.S. Dist. LEXIS 91335, **8-9 (N.D. Cal. Sep. 15, 2009), this District remanded a case to state court because, *inter alia*, the two-thirds California citizens requirement was met where "the most reasonable of the two possible readings of the Complaint" was that it "asserts claims only on behalf of California purchasers,"

---

[1] For at least that reason, Plaintiff's reliance on *King v. Great Am. Chicken Corp., Inc.*, 903 F.3d 875, 876 (9th Cir. 2018) is misplaced. ECF 75 at 7. *King* is also distinguishable because it involved a *factual* challenge to CAFA jurisdiction following removal, in which the district court incorrectly relied on an ambiguous stipulation about class composition that was undermined by other evidence. *King*, 903 F.3d at 878-879. None of those circumstances are present here.

given the "explicit" references to the California public and "the fact that it invokes only causes founded in California statutory law." Similarly, here, Plaintiff's repeated references to only California citizens and her original assertion of only California claims compel the same finding.

In addition, citing her factually bereft allegation that "at least one Class Member is a citizen of a different state from Defendants"[2] (ECF 68 at ¶ 11), Plaintiff argues that (i) it must be accepted as true and (ii) cannot be disregarded in favor of other allegations because the County did not "cit[e] any relevant authority." ECF 75 at 5-6. But both arguments lack merit. As explained (ECF 69 at 6-8), in the Rule 12 context, this Court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.*, 536 F. 3d 1049, 1055 (9th Cir. 2008). This Court should also disregard "allegations contradicting documents that are referenced in the complaint or that are properly subject to judicial notice." *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008). The County showed that Plaintiff's government claim—including her repeated assertions that she represented only California citizens—contradicts her lone, conclusory allegation of minimal diversity. ECF 69 at 6-9. Given Plaintiff's failure to oppose the County's request for judicial notice, her government claim is judicially noticeable and deemed *incorporated into her complaint*.[3] ECF 70. Thus, the rule that a court "may assume [an incorporated document's] contents are true for purposes of a motion to dismiss" applies. *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002-03 (9th Cir. 2018); ECF 69 at 7, n. 1. Further, although ignored by Plaintiff, Judge Alsup's *Rodriguez* decision—which dismissed under the home state exception based on plaintiff's descriptions of the class—supports this Motion. ECF 69 at 6.

Plaintiff next seeks to downplay her multiple references in her government claim—to her claims on behalf of only California citizens—as a "stray sentence." ECF 75 at 6. But she there asserted *twice*, in separate sentences, that she "intends to seek relief both on her behalf and on behalf of all similarly situated California citizens," and the damages she "seeks, on behalf of herself and

---

[2] From the plural of "Defendants," this allegation seems to be a holdover from when Meta Platforms, a Delaware corporation, was also a defendant.

[3] Because these procedural circumstances were not before the court in *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019), Plaintiff's reliance on that decision is misplaced.

other similarly situated California citizens, exceed $25,000." ECF 70-1 at 2. No statement in Plaintiff's government claim put the County on reasonable notice that her claims could implicate non-California citizens, and Plaintiff does not point to any. *Cf. City of San Jose v. Superior Court*, 12 Cal. 3d 447, 457 (1974) (holding that a government claim submitted on behalf of a purported class must provide "*sufficient information to identify and make ascertainable the class itself*") (emphasis added). It follows that a civil complaint purporting to allege a multi-state plaintiff class is not "fairly reflected" in a government claim submitted on behalf of only California citizens, as Plaintiff argues. *Cf. Stevenson v. San Francisco Hous. Auth.*, 24 Cal. App. 4th 269, 278 (1994). Rather, such a purported class scope—as Plaintiff now incorrectly argues she alleged—is a fundamentally different set of facts than the California-limited dispute alleged in the government claim—including because it impacts subject-matter jurisdiction under CAFA. Common sense dictates that public entities will evaluate a California-specific class claim differently than they would a necessarily much larger and expensive interstate or national class claim. In the cited decisions Plaintiff fails to address (ECF 69 at 7), courts have rejected similar efforts to broaden civil claims.

At bottom, however, Plaintiff's arguments about the scope of her government claim are meaningless given her concession that her government claim is incorporated into her complaint. *See* ECF 70 (unopposed). As such, Plaintiff's pre-suit assertions—that she seeks relief only on behalf of California citizens—must be accepted as true for purposes of this Motion, just like her other, consistent allegations in her civil complaint. *E.g.*, ECF 68 at p. 1 & ¶¶ 3, 4, 7, 93, and 367(d).

**2.     The County has not waived its ability to challenge CAFA jurisdiction**

Unable to escape her California-specific allegations, Plaintiff argues the County waived this challenge. ECF 75 at 7-9. But, at the outset, the cases on which Plaintiff relies are inapposite because they arise in the different procedural context of a motion to remand following removal to federal court.[4] Indeed, as those cases note, remand motions are subject to unique requirements,

---

[4] *See Meadows v. Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986); *Bearden v. PNS Stores, Inc.*, 894 F. Supp. 1418, 1424 (D. Nev. 1995); *Martin v. Trott L., P.C.*, 265 F. Supp. 3d 731, 745 (E.D. Mich. 2017); *Calingo v. Meridian Res. Co. LLC*, No. 7:11-cv-628 (VB), 2011 U.S. Dist. LEXIS 83496 (S.D.N.Y. July 29, 2011).

including as to timing. *See, e.g.*, 28 U.S.C. § 1447(c); *Bearden*, 894 F. Supp. at 1423 (noting it is "well-settled that removal jurisdiction is distinct from subject matter jurisdiction"). Conversely, Plaintiff concedes "there is no statutory time limit" applicable to this challenge. ECF 75 at 7.

Courts in this District have similarly found that "[t]here is no statutory time limit for bringing a motion to remand based on an exception to CAFA jurisdiction, but other circuit courts have held that such motions must be brought in a reasonable time, and Ninth Circuit case law suggests the same analysis." *Garza v. Brinderson Contractors, Inc.*, 178 F. Supp. 3d 906, 915-16 (N.D. Cal. 2016) (citations omitted). In *Garza*, the court rejected the argument that the plaintiff had waived any exception to CAFA jurisdiction, by moving to remand 173 days after removal, because the motion was filed 35 days after the Second Amended Complaint "and while this case is still in the early stages of motions practice and discovery," and "any delay was fully justified by the need to ensure that the proper parties were in the case." *Id.* (citations omitted). Likewise, in *Duran v. Sephora USA, Inc.*, No. 17-cv-01261-WHO, 2017 U.S. Dist. LEXIS 128189, *10-12 (N.D. Cal. Aug. 11, 2017), this Court, after noting that the "Ninth Circuit has not directly addressed th[e] issue," applied the "reasonable time" standard to the assertion of CAFA exceptions in a non-removal context. And, citing *Garza* with approval, this Court found no waiver, through delay, of the defendant's ability to assert the home-state exception, where the case was still in its early procedural stages. *Id.* Rather, "what is reasonable will vary according to the relevant facts." *Id.* at *11 (quotation omitted).

Here, the County's assertion of CAFA exceptions is more than reasonable given Plaintiff's procedural machinations, the early procedural stage of this case, and the County's timing concerns:

| Date | Event and significance |
|---|---|
| Aug. 25, 2023 | Plaintiff filed this case, naming—but not serving—the County. ECF 1. |
| Oct. 5, 2023 | Plaintiff filed her First Amended Complaint (FAC), which *inter alia*, added Meta, a Delaware company, as a defendant. ECF 17. The same day, Plaintiff moved to relate this case to the *In re Meta Pixel Healthcare Litig.* case. Case No. 3:22-cv-3580-WHO, ECF 328. |
| Oct. 12, 2023 | The County was finally served. ECF 28. Thus, the operative complaint presented a separate basis for federal court jurisdiction—diversity, since Meta is a Delaware citizen—that would have rendered a CAFA challenge pointless. |
| Oct. 17, 2023 | This Court granted the motion to relate. ECF 23. |
| Oct. 25, 2023 | The County and Plaintiff agreed to an extended response to the FAC. ECF 29. |
| Nov. 7, 2023 | Granting Plaintiff and Meta's joint motion, the Court severed her claims against Meta and consolidated them with *In re Meta Pixel Healthcare Litig.* ECF 37. |

| Dec. 15, 2023 | The Court approved the parties' stipulation to extend the County's pleading response deadline while they explored settlement. ECF 40. |
|---|---|
| Feb. 13, 2024 | After the parties' settlement discussions stalled, Plaintiff filed her Second Amended Complaint (SAC). ECF 46. But the SAC continued to: name Meta as a defendant for jurisdictional purposes (*id.* at ¶¶ 10, 13); include *60 references* to "Defendants" and several allegations about Meta; and be served electronically on Meta's counsel of record, Elizabeth McCloskey of Gibson Dunn—all of which left the County uncertain of Meta's status in this related case, including for purposes of providing (diversity) subject-matter jurisdiction. |
| Mar. 14, 2024 | The County filed its motion to dismiss the SAC. ECF 47. |
| Apr. 4, 2024 | Plaintiff opposed the County's Rule 12 motion. ECF 54. She abandoned her claim under California's Invasion of Privacy Act (CIPA) and instead sought leave to add an FWA claim. *Id.* at 12-13. If granted, that would have provided another basis for subject-matter jurisdiction (federal question) and, thus, rendered a CAFA exception challenge pointless. |
| Apr. 9, 2024 | The Court held a three-minute Initial Case Management Conference. ECF 57. The County specifically requested a stay of discovery until the pleadings were settled, which Plaintiff opposed and the Court denied. *See id.* The Court also declined to enter a full case schedule. |
| July 8, 2024 | The Court issued its order on the County's motion to dismiss the SAC. ECF 64. In pertinent part, the Court granted Plaintiff leave to add an 18 U.S.C. § 2520(a) FWA claim (*id.* at 12), thereby adding a new basis for subject-matter jurisdiction other than CAFA. |
| July 29, 2024 | Plaintiff filed her Third Amended Complaint (TAC). ECF 65. But because it still included allegations directed to Meta and claims the Court had dismissed, the next business day, the County asked Plaintiff's counsel to remove them. |
| Aug. 2, 2024 | By stipulation and order, Plaintiff agreed to remove these "unnecessary" allegations in a further amendment. ECF 66, 67. |
| Aug. 9, 2024 | Plaintiff filed her 4AC, removing jurisdictional allegations against Meta and clarifying the claimed bases for subject-matter jurisdiction. ECF 68. |

Given this background, the timing of the County's assertion of CAFA exceptions—within a few weeks of the 4AC's filing—is reasonable. As in *Garza*, the County raised the issue promptly after Plaintiff confirmed the parties and asserted grounds for subject-matter jurisdiction. The case is still in its early procedural stages: the pleadings are not set; the Court has heard only one motion; the only case deadlines relate to class certification in 2025; and the little discovery conducted to date has been over the County's objection.[5] Moreover, contrary to Plaintiff's assertions, the grounds and utility of a CAFA exception have not been known to the County since "the very outset of this case" or "based on the same facts." ECF 75 at 9. Quite the opposite: Plaintiff's allegations have been a

---

[5] Contrary to Plaintiff's assertions about extensive discovery (ECF 75 at 9), to date Plaintiff has produced a total of only 17 documents and served primarily objections.

moving target. Indeed, to date, *each of Plaintiff's original claims that the County has directly challenged has been dismissed either voluntarily or involuntarily*.[6] *Compare* ECF 1 *with* ECF 68.

Even if the County could have raised the CAFA issue in its first motion (to dismiss the SAC), the Court likely would not have ruled on it until now, given Plaintiff's intervening assertion of an FWA claim that—as she is quick to argue here—would have provided an alternative basis for subject-matter jurisdiction. *See* ECF 75 at 1 ("In any case federal question jurisdiction makes the CAFA issue immaterial."). Thus, it is reasonable to assume the Court would have deferred ruling on the CAFA issue until the pleadings—and jurisdictional grounds—were fleshed out, as the Court opted to do with several other issues raised in the County's first motion. *See* ECF 64 at 12, 14.

In sum, no waiver may reasonably be found on this record. In any event, this Court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Given Plaintiff's repeated concessions that her claims apply only to California citizens, the Court should find that the home state and/or local controversy exceptions apply and decline to exercise jurisdiction. *See* 28 U.S.C. § 1332(d)(4); *Rodriguez*, 2013 U.S. Dist. LEXIS 98627 at *5.

**B.  Plaintiff Does Not State a Federal Law Claim Against the County**

After jettisoning her improper claim under CIPA, Plaintiff sought—and the Court granted— "leave to amend to add a *section 2520(a)* claim." ECF 64 at 12 (emphasis added); *see also* ECF 54 at 12-13. In the *over four months* Plaintiff had to craft her claim—between her request for leave and the filing of the 4AC—she alleged only a violation of section 2520(a), based only on violations of section 2511(1). ECF 68 at ¶¶ 347, 354, 358, 359, and 382. In this Motion, the County presented a detailed statutory and case analysis that section 2511(1) applies only to "persons," not governmental entities, and thus, Plaintiff's claim fails. ECF 69 at 9-13. In a meandering 13-page response, Plaintiff argues that: (1) her 18 U.S.C. § 2511(1) claim is proper; (2) she has stated a claim under 18

---

[6] Although Plaintiff makes much of the fact that the County has not yet directly challenged her two CMIA claims, that is simply a function of the Rule 12(b)(6) standard; it is certainly not a concession of the veracity of Plaintiff's allegations supporting those claims. To the contrary, the County has informed the Court of a Texas decision that undermines Plaintiff's CMIA theories (ECF 63), which is now final given the U.S. Department Health and Human Services' abandonment of its appeal.

U.S.C. § 2511(3); and (3) by titling her claim as one for violation of section "2511(1) *et seq.*" she has pled the entire Title III of the Omnibus Crime Control and Safe Streets Act of 1968, including sections 2520(g) and 2517. ECF 75 at 10-22. Each of these contentions fails.

### 1. Plaintiff's section 2511(1) claim is not viable

Plaintiff defends her 2511(1) claim by repeating the reasoning from *Adams v. City of Battle Creek*, 250 F.3d 980, 985 (6th Cir. 2001). *See* ECF 75 at 11-12. That line of cases postulates that because section 2520(a) now applies to any "person or entity," the provisions of Title III apply to government entities. *See, e.g.*, ECF 69 at 9-10. But, as already briefed, the court in *Seitz v. City of Elgin*, 719 F.3d 654 (7th Cir. 2013) criticized the *Adams* reasoning as too cursory because "Section 2520 itself creates no substantive rights" and, therefore, a court "must look to the scope and nature of *the specific substantive right plaintiffs accuse defendants of violating* to determine whether plaintiffs may assert that right against a municipality." *Seitz*, 719 F.3d at 657-658 (emphasis added).

And, importantly, the only two district court decisions in the Ninth Circuit on this issue since *Seitz* agree with *Seitz*'s reasoning and hold that governmental entities are not liable under section 2511(1), which is the *only* theory Plaintiff pleads in the 4AC. *See Federated Univ. Police Officers' Ass'n v. Regents of the Univ. of Cal.*, No. SACV 15-00137-JLS (RNBx), 2015 U.S. Dist. LEXIS 99147, **24-25 (C.D. Cal. July 29, 2015); *Head v. Cnty. of Sacramento*, No. 2:19-cv-01663-TLN-CKD, 2020 U.S. Dist. LEXIS 110029, *6 (E.D. Cal. June 23, 2020). Because Plaintiff does not show otherwise,[7] her section 2511(1) claim should be dismissed as a matter of law.

### 2. Plaintiff has not stated a 2511(3) claim

*No section 2511(3) claim is pled* in the 97-page 4AC. That pleading nowhere identifies either that subsection or its unique elements, much less with particularity. *Cf.* ECF 75 at 12-17. This is fatal because "[t]he limited and statutory nature of governmental liability mandates that claims against public entities be specifically pleaded." *Cook v. Cnty. of Contra Costa*, No. 15-cv-

---

[7] Plaintiff's assertion—that both *Seitz* and "several of the California federal district court opinions Santa Clara cites" agree with the initial premise that "Congress intended to make governmental entities like the County of Santa Clara liable under the ECPA" (ECF 75 at 11)—is an incomplete recitation of the reasoning of those decisions and a gross misstatement of their holding.

05099-TEH, 2015 U.S. Dist. LEXIS 169625, *5 (N.D. Cal. Dec. 7, 2015) (granting motion to dismiss) (quoting *Brenner v. City of El Cajon*, 113 Cal. App. 4th 434, 438 (2003)). "[T]he specific statute declaring a municipality to be liable must be identified in the pleadings."[8] *Bryant v. City of Antioch*, No. 21-cv-00590-TSH, 2021 U.S. Dist. LEXIS 152163, *9 (N.D. Cal. Aug. 12, 2021); *accord Steinle v. City & Cnty. of San Francisco*, 230 F. Supp. 3d 994, 1013 (N.D. Cal. 2017) ("Plaintiffs must . . . identify a statute specifically authorizing public entity liability."). A plaintiff must also "plead[] with particularity . . . 'every fact material to the existence of [municipal] statutory liability.'" *Lopez v. S. Cal. Rapid Transit Dist.*, 40 Cal. 3d 780, 795 (1985). The cases on notice pleading cited by Plaintiff (ECF 75 at 16) do not involve claims against public entities and are thus inapposite.

Despite ample opportunity, Plaintiff has not complied with these standards. By seeking to recast her existing allegations as an unpled violation of section 2511(3), she has also flouted the "'axiom[] that the complaint may not be amended by briefs in opposition to a motion to dismiss.'" *Barbera v. WMC Mortg. Corp.*, No. C-04-3738-SBA, 2006 U.S. Dist. LEXIS 99483, *7, n.4 (N.D. Cal. Jan. 19, 2006). Notably, if, as she argues (ECF 75 at 13-14), her unpled 2511(3) claim is based on the myHealth Online (MHO) patient portal, then she offers no reason for never pleading it earlier. This "allege anything until something sticks" approach to pleading must end.

Further, although the County has no obligation to move to dismiss unpled claims, the farfetchedness of Plaintiff's newly contrived section 2511(3) theory is readily apparent:

- First, that section applies to "a person or *entity providing* an electronic communication service *to the public* . . . ." 18 U.S.C. 2511(3) (emphasis added). But the MHO Web platform, as well as the mobile app Plaintiff improperly seeks to add, are provided by a nonparty, not the County.

---

[8] The rest of the 4AC—in particular, Plaintiff's Government Code section 815.6—confirms that Plaintiff never pleaded these new FWA theories. "A plaintiff seeking to hold a public entity liable under Government Code section 815.6 *must specifically identify the statute or regulation* alleged to create a mandatory duty." *Bearden v. Alameda Cnty.*, No. 19-cv-04264-SI, 2020 U.S. Dist. LEXIS 56271, *9 (N.D. Cal. Mar. 30, 2020) (emphasis added) (quoting *In re Groundwater Cases*, 154 Cal. App. 4th 659, 689 (2007)). Indeed, in her section 815.6 claim, Plaintiff identifies only "18 U.S.C. § 2510 et seq." as the source of allegedly mandatory duties under the FWA to support her claim—not any of the new sections she now argues. ECF 68 at ¶ 436(i).

*See, e.g.*, ECF 47 at 7 (screenshot showing that MHO is "MyChart licensed from Epic Systems Corporation"); ECF 69 at 18, n. 7 (noting "the judicially noticeable fact that a third party, not the County, releases the [MyChart mobile] app in question"). Plaintiff continues to ignore this obstacle.

- Second, as the Court is already aware, MHO is an optional, authenticated platform that is available only to patients who are admitted at County hospitals and have agreed to MHO Terms and Conditions. *See* ECF 47 at 7-9; ECF 58 at 8. As such, it is not a service provided to "the public."
- Third, to the extent Plaintiff's unpled theory is based on the MyChart mobile app (ECF 75 at 13), she has not opposed the County's showing that (i) there is no allegation of Plaintiff's use of the mobile app to confer Article III standing and (ii) these new allegations are an unauthorized amendment. ECF 69 at 17 & n. 6; *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 n.6 (2016). This alone justifies dismissal of her new allegations. Moreover, Plaintiff does not credibly dispute that her government claim provided no notice of any claim based on the app. *Id.* at 17-18. Her argument, buried in a footnote—that the "mobile app is simply another means of accessing" MHO and a mere "elaborat[ion]" of her original theory (ECF 75 at 13 n.3)—ignores that, for the first time, she now seeks to hold the County liable for the deployment of different tracking tools on a separate technological platform offered by a nonparty.

### 3.   Plaintiff has not stated a claim under any other part of Title III

Plaintiff also asserts her FWA claim "encompasses 18 U.S.C. § 2510 to 18 U.S.C. § 2523," including sections 2520(g) and 2517. ECF 75 at 16; *see also* 15-22. This contention is meritless.

First, neither of these sections nor their elements are identified in the 4AC, despite ample opportunity. Under the above rules for pleading statutory bases of municipal liability, these new sections cannot save Plaintiff's claim. The Court should not countenance Plaintiff's repeated attempts to amend through briefing, especially after having granted her the leave she requested.

Second, Plaintiff's attempt to now add new sections, including 2520(g) and 2517, violates the scope of the Court's leave. "This Court and other courts in this district consistently strike or dismiss parties and claims that exceed the scope of an order granting leave to amend." *Strifling v. Twitter Inc.*, No. 22-cv-07739-JST, 2024 U.S. Dist. LEXIS 2181, *3 (N.D. Cal. Jan. 4, 2024) (collecting cases). The Court granted Plaintiff leave to add only a section 2520(a) claim, not one under 2520(g),

10

2517, 2507, or any other sections referenced in Plaintiff's Opposition. *See* ECF 64 at 12.

Finally, Plaintiff tellingly does not cite *any* Ninth Circuit authority recognizing a claim against a public entity under either 2520(g) or 2517, much less on these alleged facts. ECF 75 at 15-22. To the contrary, her unpled 2520(g) and 2517 theories are overtly based on alleged violations of HIPAA and her other asserted state law claims. *See, e.g.*, *id.* at 19-20 (arguing that "specific criminal provisions in HIPAA" and "well known privacy obligations under state and federal law" are the "known legal duty" willfully ignored by the County within the meaning of section 2520(g)). Plaintiff's apparent intention behind these expanded and unpled theories is not difficult to discern: to manufacture another basis for subject-matter jurisdiction, through either an end-run around Ninth Circuit precedent *precluding any express or implied private right of action for violations of HIPAA* or yet another duplicative claim for relief. *See* ECF 69 at 20-23; Sections II(C)(1)-(2), *infra*.

Accordingly, the Court should dismiss the FWA claim without further leave to amend.

### C. Plaintiff Has Not Stated a Viable California Government Code § 815.6 Claim

Plaintiff fails to state a section 815.6 claim. ECF 68 at ¶¶ 434-452; ECF 69 at 20.

As a preliminary matter, Plaintiff cannot predicate her section 815.6 claim on allegedly "mandatory duty" theories that she has since dismissed or forfeited by failing to oppose the County's Rule 12 arguments. *See Shakur*, 514 F.3d at 892; *Marziano*, 2010 U.S. Dist. LEXIS 109595 at *10. To the extent Plaintiff premised her section 815.6 claim on an alleged violation of California Civil Code section 1798.100, she has abandoned that premise by failing to oppose the County's showing that this statute does not apply to the County. *See* ECF 68 ¶ 436(g); ECF 69 at 23; ECF 75. Plaintiff does not refute the County's showing that California Civil Code sections 1709 and 1710 do not state mandatory duties and, thus, she has forfeited that theory as well. *See* ECF 69 at 23; ECF 75. In the same vein, because Plaintiff has abandoned her California Civil Code section 1798.82 claim (ECF 75 at n.1), she may not predicate Government Code section 815.6 liability on that same statute.

In her Opposition, Plaintiff argues that her section 815.6 claim is properly based on alleged violations of HIPAA, the CMIA, and the FWA. ECF 75 at 23-25. Plaintiff is wrong.

#### 1. Alleged HIPAA violations cannot support a private section 815.6 claim

Plaintiff concedes that there is no private right of action under HIPAA. *See* ECF 75 at 23.

1    She does not refute the scores of decisions the County cited on this point. ECF 69 at 22. She
2    similarly ignores the Ninth Circuit's caution that, "[w]ithout evidence of a congressional intent to
3    create both a private right and a private remedy, a private right of action does not exist, and courts
4    may not create one, no matter how desirable that might be as a policy matter, or how compatible
5    with the statute." *UFCW Local 1500 Pension Fund v. Mayer*, 895 F.3d 695, 699 (9th Cir. 2018)
6    (quotation omitted). Nor does Plaintiff address the other in-Circuit cases that dismissed similar pass-
7    through claims (e.g., 18 U.S.C. § 1983) premised on HIPAA violations precisely because HIPAA
8    provides no private right of action. *See* ECF 69 at 22. Notably, *Plaintiff does not cite a single case*
9    *recognizing a private right of action under section 815.6 based on alleged violations of HIPAA*.

10           Instead, Plaintiff seeks to defend her claim on grounds that are demonstrably incorrect. First,
11   Plaintiff relies on *Haggis v. City of Los Angeles*, 22 Cal. 4th 490, 499-500 (2000), to argue that it is
12   "section 815.6, not the predicate enactment, that creates the private right of action." ECF 75 at 23.
13   But the County explained how subsequent cases have clarified and narrowed that proposition. ECF
14   69 at 21. Notably, the reasoning in *Haggis* does not apply where—as is true with HIPAA—the
15   statute allegedly giving rise to the "mandatory duty" for section 815.6 purposes evinces the
16   "presence of a clear and explicit legislative intent that a violation of [that underlying statute] does
17   not give rise to any private right of action." *Dep't of Corps. v. Superior Court*, 153 Cal. App. 4th
18   916, 935 (2007) ("*DOC*") (holding that demurrer to section 815.6 claim should have been sustained
19   without leave to amend because the claim was based on an underlying statute for which there was
20   legislative intent not to permit a private cause of action); *see also Delux Pub. Charter, LLC v. Cnty.*
21   *of Orange*, No. SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 235563, **31-32 (C.D. Cal.
22   Oct. 31, 2022) (dismissing section 815.6 claim predicated on the defendant county's failure to
23   discharge obligations under the ANCA, ADA, and Grant Assurances because the plaintiff "does not
24   have a private right of action to enforce these federal laws" and "insofar as much as [its] Section
25   815.6 claim relies on ANCA, ADA, and the Grant Assurances, the claim fails").
26           Second, Plaintiff's efforts to distinguish *DOC* and *Delux* fail. She asks the Court to ignore
27   *Delux* because it "is an unpublished opinion that fails to cite *Haggis* altogether, much less reconcile
28   *Haggis* with its reasoning." ECF 75 at 23. But unpublished district court decisions are properly

citable. *Sorrels v. McKee*, 290 F.3d 965, 971 (9th Cir. 2002). Moreover, the *Delux* court *did* reject the reasoning of *Haggis*, in an earlier ruling. *See Delux Pub. Charter, LLC v. Cnty. of Orange*, SACV 20-2344 JVS (KESx), 2022 U.S. Dist. LEXIS 153219, **35-36 (C.D. Cal. Jul. 29, 2022) (noting the plaintiff's argument "that because section 815.6 provides a cause of action, it is irrelevant that ANCA, ADA, and the Grant Assurances do not," but finding "[i]n light of Congress' choices, it would be illogical . . . to conclude that, acting on its own, California could create a private right of action to enforce such a federal statute through state law") (citations omitted).

Plaintiff's attempts to distinguish *DOC* are also without merit. The first—that "there was an independent basis to prohibit a § 815.6 claim" (ECF 75 at 23)—does not diminish the *DOC* court's separate holding regarding when a statute can serve as the predicate to a section 815.6 claim. And the second—that "[t]here is no such controlling express language in HIPAA" (*id.* at 24.)—is also wrong. Examining the statutory text and structure, courts have consistently held that HIPAA does not create either an express or implied private right of action.[9] Thus, Plaintiff's contention that the County's Motion on this point is based on "a negative implication" (*id.*) is erroneous.

In short, the Court should decline Plaintiff's invitation to allow private enforcement of HIPAA—through section 815.6 and otherwise—contrary to Congress' intent and settled case law.

### 2.     Duplicative theories cannot support Plaintiff's 815.6 claim

In its Motion, the County cited two decisions—including one from this District—that dismissed, as impermissibly duplicative, Government Code section 815.6 claims that relied on "identical allegations of duty, breach, causation, and damages" and the "same grounds for liability" as separately pled claims. ECF 69 at 22-23. Plaintiff does not address either case, nor does she

---

[9] *See, e.g.*, 42 U.S.C. §§300gg-22(a)-(b) (stating that "the Secretary shall enforce" provisions); *Univ. of Colo. Hosp. Auth. v. Denver Publ. Co.*, 340 F. Supp. 2d 1142, 1144-45 (D. Colo. 2004) (because "[n]either [42 U.S.C.] § 1320d-6, nor any other section of HIPAA, contains any language conferring privacy rights upon . . . any specific class of persons" and thus creates little reason to infer a private remedy," HIPAA's "statutory text displays no intent to create a private right of action under § 1320d-6"); *O'Donnell v. Blue Cross Blue Shield of Wyo.*, 173 F. Supp. 2d 1176, 1180 (D. Wyo. 2001) (finding that 42 U.S.C. §§300gg-22(a)-(b) "reveals no congressional intent to create a private right or remedy," but, rather, "*HIPAA appears to specifically limit enforcement actions to be brought only by the respective states or the Secretary of Health and Human Services*") (emphasis added) (cited and relied upon by *Poli v. Mt. Valley's Health Ctrs., Inc.*, No. 2:05-cv-2015-GEB-KJM, 2006 U.S. Dist. LEXIS 2559, *13 (E.D. Cal. Jan. 11, 2006), cited at ECF 69 at 22).

1  dispute the County's showing, under those cases, that her section 815.6 claim is not supported by
2  any new allegations about County obligations, breach, or Plaintiff's claimed damages. *Id.* at 22-23.

3        Instead, Plaintiff argues that she may double-recover under section 815.6 "because the
4  burdens of proof are not identical" between California's Confidentiality of Medical Information Act
5  (CMIA) or the FWA, on one hand, and section 815.6, on the other. ECF 75 at 25. But Plaintiff does
6  not cite any authority for this "burden of proof" assertion, much less in a pleadings-stage motion.

7        Further, the points Plaintiff advances in support of her made-up test are meritless. Although
8  Plaintiff argues that the CMIA permits different remedies for negligent, knowing, and willful
9  violations, she does not identify any non-duplicative remedy under section 815.6—which broadly
10 provides that "the public entity is liable for an injury of that kind proximately caused by its failure to
11 discharge the duty." Cal. Gov. Code § 815.6; *see also* ECF 75 at 25 (citing Cal. Civ. Code § 56.36).
12 Even accepting Plaintiff's contention that a case in chief under the CMIA "requires proof of
13 scienter" (ECF 75 at 25), that does not render the other elements of such a claim any less duplicative
14 of the new 815.6 theory she now seeks to assert based on the same underlying, alleged violations.

15       Plaintiff's argument that the County has the burden of proof under section 815.6—based on
16 the statutory language of "unless the public entity establishes that it exercised reasonable diligence to
17 discharge the duty"—is also wrong. ECF 75 at 25. *Plaintiff* bears the burden of pleading and
18 proving each prong of section 815.6's three-prong test, which Plaintiff does not dispute applies. *See,*
19 *e.g.,* ECF 69 at 20; *In re Groundwater Cases*, 154 Cal. App. 4th at 689. Indeed, the third prong
20 requires her to show that the "public entity's *failure to use reasonable diligence to discharge the*
21 *mandatory duty* proximately caused [her] injury." *County of San Bernardino v. Superior Court*, 77
22 Cal. App. 5th 1100, 1111 (2022). The language in section 815.6 highlighted by Plaintiff merely
23 recites an affirmative defense available to public entities. *See Mollica v. Cnty. of Sacramento*, No.
24 2:19-cv-02017-KJM-DB, 2021 U.S. Dist. LEXIS 127677, *5 (E.D. Cal. July 7, 2021).

25       Further, Plaintiff's conclusory assertion—that "the § 815.6 claim is not duplicative of the
26 Wiretap Act claim because the burdens of proof for these claims are not identical, for the same
27 reasons explained above" (ECF 75 at 25)—is even less convincing. The "reasons discussed above"
28 related to the CMIA, not the FWA, and, in any event, fail as described previously.

Therefore, the Court should dismiss Count Six without further leave to amend.

### D.      The Court Should Deny Further Leave to Amend

Leave to amend is justifiably denied "when a plaintiff 'repeated[ly] fail[s] to cure deficiencies by amendments previously allowed.'" *Brodsky v. Apple Inc.*, 445 F. Supp. 3d 110, 122 (N.D. Cal. 2020) (quoting *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892 (9th Cir. 2010)). This Court's "discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* (quotation omitted).

On this record, Plaintiff should not be granted further leave to amend. *See Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048 (9th Cir. 2009). She has had *five chances* to state a viable claim. Instead of narrowing the issues, her amendments have sought to change and expand the issues by: adding and, a few weeks later, severing a defendant; abandoning every legal theory challenged by the County; and changing the grounds for subject-matter jurisdiction. Although the Court previously allowed amendments to assert theories for which public entities may be liable, Plaintiff has continued to assert new theories that perpetuate this defect. Her amendments have been inexplicable in their timing and signal bad faith through: (i) Plaintiff's repeated abandonment of claims after forcing the County to move to dismiss them; (ii) her assertion of untimely theories barred by her failure to disclose them in her government claim; and (iii) her addition of allegations exceeding the Court's leave to amend. It is undeniably prejudicial for the County to continue engaging—at taxpayers' expense—in "whack-a-mole" with every new theory asserted by Plaintiff. She should not get another pleading opportunity, and certainly not in this Court. In this California-specific dispute, her remedy is to follow settled pleading and legal standards and to seek relief in state court.

### III.     CONCLUSION

For the reasons briefed, the Court should grant the County's Motion in its entirety.

Dated: October 4, 2024

Respectfully submitted,
TONY LOPRESTI
County Counsel

By: */s/ Xavier M. Brandwajn*
XAVIER M. BRANDWAJN
Deputy County Counsel
Attorneys for Defendant
COUNTY OF SANTA CLARA