UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>        Plaintiff,<br><br>    v.<br><br>COUNTY OF SANTA CLARA,<br><br>        Defendant. | Case No. 23-cv-04411-WHO<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 69 |

The factual and procedural background of this case was laid out in the July 8, 2024 Order Granting in Part and Denying in Part defendant County of Santa Clara's motion to dismiss the Second Amended Complaint. Dkt. No. 64 ("July 2024 Order"). In that Order, I dismissed plaintiff's California Invasion of Privacy Act ("CIPA") claim with prejudice, her Comprehensive Data Access and Fraud Act ("CDAFA") claim with leave to amend, her California Consumer Records Act ("CCRA") claim with leave to amend, and her common law invasion of privacy claim without leave to amend. July 2024 Order, Dkt. No. 64. Plaintiff was given leave to allege a claim under the federal Electronic Communications Privacy Act ("ECPA") through the Federal Wiretap Act ("FWA," 18 U.S.C. §§ 2511 & 2520), as well as a claim under California Government Code section 815.6, while preserving Santa Clara's opportunity to move to dismiss newly added claims and to reassert its arguments that Santa Clara is immune from liability under the ECPA. *Id*.

Santa Clara moves to dismiss, arguing that because it is immune from suit under the alleged ECPA claim and because the "home state" exception to jurisdiction under the Class Action Fairness Act ("CAFA") applies based on the face of the FAC, I lack jurisdiction over this action. Defendant also moves to dismiss all but one of the claims plaintiff asserts in the operative Fourth Amended Complaint on the merits. Dkt. No. 69.

Plaintiff does not oppose the request to dismiss her claims under California's Comprehensive Data Access and Fraud Act ("CDAFA"), the California Consumer Records Act ("CCRA," Cal. Civil Code § 1798.82), or her request for punitive damages. Oppo. (Dkt. No. 75) at 2 n.2. Those claims are DISMISSED WITH PREJUDICE.

Plaintiff argues that Santa Clara cannot challenge CAFA jurisdiction because it failed to provide "evidence" showing the home state exception applies and that because Santa Clara did not contest CAFA jurisdiction on the last round of motions to dismiss, it waived any challenge to CAFA jurisdiction. Plaintiff also defends the newly added ECPA claim because that claim provides an independent basis for federal jurisdiction and Santa Clara is not immune from suit on it. She also challenges Santa Clara's attempt to dismiss her California Government Code section 815.6 claim, arguing it can be based on violation of duties imposed on Santa Clara under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA"), the California Confidentiality of Medical Information Act ("CMIA"), and the ECPA.

Turning to the threshold issue of jurisdiction, I GRANT Santa Clara's motion to dismiss for lack of jurisdiction based on CAFA's home state exception and failure to state an ECPA claim. Plaintiff is given one last attempt to amend to state a federal claim under the FWA.

**I.   JURISDICTION: CAFA.**

Santa Clara argues that absent a federal claim, there is no federal jurisdiction because plaintiff's attempt to invoke the Class Action Fairness Act ("CAFA") – the only jurisdictional basis identified in the FAC – fails. Defendant contends the "home state" exception to CAFA jurisdiction applies here.

> The home state exception accords two bases for remand: one mandatory and the other within the district court's discretion. Under the first, the district court "shall" decline to exercise jurisdiction where "two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(B) (the "mandatory home state exception"). Under the second, a district court "may, in the interests of justice and looking at the totality of the circumstances, decline to exercise jurisdiction" when more than one-third of the putative class, and the primary defendants, are citizens of the state where the action was originally filed. 28 U.S.C. § 1332(d)(3) (the "discretionary home state exception"). CAFA enunciates six factors for a district court to

2

consider in deciding whether to decline jurisdiction under this discretionary home state exception. 28 U.S.C. § 1332(d)(3)(A)–(F).[1]

*Adams v. W. Marine Prod., Inc.*, 958 F.3d 1216, 1220–21 (9th Cir. 2020).

I find that the mandatory exception applies. Plaintiff and Santa Clara are citizens of California. More significantly, plaintiff repeatedly asserts in the FAC that she is seeking to represent citizens of California. *See* FAC preamble ("Plaintiff Jane Doe ('Plaintiff'), individually and on behalf of all other current California citizens similarly situated, brings suit"); ¶ 3 ("in violation of those patients' . . . rights as citizens of California"). In addition, the claim plaintiff submitted to the County, required by California Government Code section 945.4, disclosed to Santa Clara that plaintiff seeks relief on behalf of "all similarly situated California citizens." RJN. Ex. A. These admissions show as a facial matter that the class is comprised of at least 2/3 California citizens. While it is true that plaintiff's class definition does not mention and is not expressly limited to California citizens, the scope of the class is contextualized by the admissions in the FAC.

Plaintiff complains that Santa Clara was required to come forward with evidence to substantiate that 2/3 or 1/3 of the classes would be California citizens because it is asserting that the home state exception applies. That would be true if Santa Clara had attempted to remove this case from state court under CAFA jurisdiction. *Jauregui v. Roadrunner Transportation Servs., Inc.*, 28 F.4th 989, 993 (9th Cir. 2022) (holding "defendant always bears the burden of establishing that removal is proper" but noting defendants may rely on a chain of reasoning that

---

[1] Even if the mandatory exception did not apply, the discretionary exception would apply, considering the relevant factors. Those factors are: (A) whether the claims asserted involve matters of national or interstate interest; (B) whether the claims asserted will be governed by laws of the State in which the action was originally filed or by the laws of other States; (C) whether the class action has been pleaded in a manner that seeks to avoid Federal jurisdiction; (D) whether the action was brought in a forum with a distinct nexus with the class members, the alleged harm, or the defendants; (E) whether the number of citizens of the State in which the action was originally filed in all proposed plaintiff classes in the aggregate is substantially larger than the number of citizens from any other State, and the citizenship of the other members of the proposed class is dispersed among a substantial number of States; and (F) whether, during the 3-year period preceding the filing of that class action, 1 or more other class actions asserting the same or similar claims on behalf of the same or other persons have been filed. 28 U.S.C. § 1332(d)(3). The factors, other than (D) and (F), support application of the discretionary home state exception. If plaintiff is unable to plead a claim under the FWA, *see infra*, only California law will apply to this case seeking relief on behalf of California citizens.

1  includes "reasonable assumptions" to do so). Here it is plaintiff that contends CAFA jurisdiction
2  is available yet she points to *nothing* plausible in the FAC to support CAFA jurisdiction. *See*
3  *Adams*, 958 F.3d at 1221 ("Once CAFA jurisdiction has been established, [] the burden falls on
4  the party seeking remand [] to show that an exception to CAFA jurisdiction applies."). This case
5  concerns one defendant who provided medical services from specific medical centers located in
6  Santa Clara County, California. While the class definition covers "prospective patients," not just
7  active patients receiving care in the County of Santa Clara, given the very localized provision of
8  health care services it is implausible that any significant number of class members would not be
9  California citizens, much less that more than 1/3 would be citizens of other states. In light of the
10 admissions in the FAC, the express language in her government claim, and the plausible
11 inferences regarding a class of patients and prospective patients of medical centers in one
12 California county, inferences from the facts pleaded support application of the home state
13 exception. *See* FAC ¶ 335.

14 Plaintiff also alleges that Santa Clara waived its home state argument by failing to raise it
15 for over a year while litigating this case. Motions challenging CAFA jurisdiction must be brought
16 within a "reasonable" amount of time; what qualifies as reasonable depends on the facts of the
17 specific case. *See Duran v. Sephora USA, Inc.*, No. 17-CV-01261-WHO, 2017 WL 3453362, at
18 *4 (N.D. Cal. Aug. 11, 2017) (discussing cases). Here, while the initial complaint was filed in
19 August 2023, various procedural and substantive events followed. Those include the severing of
20 claims against Meta and removal of jurisdictional allegations regarding Meta, and then various
21 voluntary amendments to the pleading by plaintiff (*e.g.*, to address the naming of the wrong
22 defendant and claims that were dropped) or as allowed by the July 2024 Order (*e.g.*, to attempt to
23 state a federal claim under the ECPA). While we are at the outside of what a reasonable time
24 period could entail, given the continuously unsettled state of pleadings and the changing
25 defendants and the changing claims, Santa Clara did not waive its CAFA jurisdiction challenge by
26 waiting until this round of motions to raise it.

27 Accordingly, the CAFA home state mandatory and discretionary exceptions to jurisdiction
28 apply.

4

## II. JURISDICTION: ECPA CLAIM ALLEGED IS BARRED.

Santa Clara separately moves to dismiss the only federal claim alleged, a claim for relief under the FWA based on a violation of the ECPA (18 U.S.C. § 2511(1)), because municipalities cannot be liable under that section of the ECPA. In the July 2024 Order, I noted that there was a split of authority on this issue and that the parties gave it scant attention in their briefs. July 2024 Order at 11-12. I allowed plaintiff leave to amend to include her ECPA claim under the FWA, preserving defendant's right to move to dismiss to raise and discuss the legislative history and additional authority regarding whether municipalities could be liable under the ECPA. *Id*.

On this motion Santa Clara provides that additional analysis and authority. It suggested that I follow *Seitz v. City of Elgin*, 719 F.3d 654, 657 (7th Cir. 2013). The *Seitz* court analyzed various amendments to the FWA, including the ECPA amendments, and concluded that governmental bodies may be liable under § 2520 of the FWA depending on the substantive provisions of § 2511 at issue, and then "only for substantive provisions that identify an 'entity' as a potential violator of that provision." *Seitz*, 719 F.3d at 660. Santa Clara argues I should follow the *Seitz's* court's holding, based on its review of the legislative amendments to the FWA and conclude that a cause of action under § 2511(1) – the only substantive section identified in plaintiff's FAC – does not apply to municipalities because that substantive provision imposes liability only on "persons" and not "persons and entities." *Id*. At least two district courts in the Ninth Circuit have expressly followed *Seitz's* reasoning and rejected § 2511(1) claims asserted against municipalities. *See Head v. Cnty. of Sacramento*, No. 219CV01663TLNCKD, 2020 WL 3429485 (E.D. Cal. June 23, 2020); *Federated Univ. Police Officers' Ass'n v. Regents of Univ. of California*, No. SACV1500137JLSRNBX, 2015 WL 13273308, at *1 (C.D. Cal. July 29, 2015).

Plaintiff relies on an earlier decision, *Adams v. City of Battle Creek*, 250 F.3d 980 (6th Cir. 2001). There, the Sixth Circuit concluded that the "addition of the words 'entity'" in the ECPA amendments "can only mean a governmental entity because prior to the 1986 amendments, the definition of 'person' already included business entities. In order for the term not to be superfluous, the term 'entity' necessarily means governmental entities." *Adams*, 250 F.3d at 985. The *Adams* court did not consider the substantive differences between the liability provisions in

1  the statute; specifically, that amendments to the liability provisions distinguished between
2  "persons" and "persons and entities." The *Seitz* court looked to the substantive provisions to
3  determine whether liability extends only to "persons" – as in Section 2511(1) – or "persons and
4  entities." *Seitz*, 719 F.3d at 660.

5      In her opposition, plaintiff does not engage with the *Seitz* court analysis or the district court
6  decisions in the Ninth Circuit that follow *Seitz*. Instead, she addresses other sections of the ECPA
7  and FWA, arguing that because Santa Clara placed tracking software on her devices, Santa Clara
8  could have violated § 2511(3)(a) of the ECPA (a section that makes "persons and entities" liable).
9  She also suggests in her opposition that Santa Clara may also have violated other broader
10 provisions of the FWA, including 18 U.S.C. §§ 2517 and 2020(g). Oppo. at 12-22. *None* of
11 these sections are identified in the FAC; the FAC is limited to allegations regarding violations of §
12 2511(1) of the ECPA.

13     I find that the *Seitz* decision and the district courts who have followed it have the more
14 persuasive reasoning. In order to determine whether government entities may be liable under
15 substantive ECPA liability provisions depends not on whether they are an entity under § 2520
16 (they clearly are) but whether the substantive provision covers "persons" only or "persons and
17 entities" which § 2511(1) does not.

18     While Santa Clara urges me not to give plaintiff an additional opportunity to allege an
19 actionable FWA claim – relying in passing on reasons why a claim against it under § 2511(3)
20 might fail – and complaining, not without cause, that plaintiff has already had four opportunities to
21 plead actionable claims, I will give plaintiff one last opportunity to amend to state a FWA claim.

## CONCLUSION

23 Defendant's motion to dismiss for lack of jurisdiction is GRANTED. Absent jurisdiction,
24 I am not inclined to exercise supplemental jurisdiction over plaintiff's two remaining state law
25 claims based on the CMIA and Section 815.6.

26 Plaintiff is given one last attempt to amend to identify an actionable FWA claim, under the
27 ECPA or otherwise. If plaintiff chooses to amend, and if Santa Clara moves again to dismiss, I
28 will consider the sufficiency of the FWA claim and, as necessary, the Section 815.6 claim. If

plaintiff does not choose to amend, I will DISMISS this case without prejudice to plaintiff refiling her CMIA and Section 815.6 claims in state court.

Any amended complaint must be filed within twenty (20) days of the date of this Order.

**IT IS SO ORDERED.**

Dated: November 5, 2024



William H. Orrick
United States District Judge